UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

JOHN DOE,

                   Plaintiff,

        - against -

THE AMERICAN MUSICAL AND DRAMATIC
ACADEMY ("AMDA") AND TRUSTEES OF THE
AMERICAN MUSICAL AND DRAMATIC
ACADEMY,

                   Defendants.
-------------------------------------------------------------------- x

15-CV-08993

**ANSWER AND AFFIRMATIVE
DEFENSES**

Defendants, The American Musical and Dramatic Academy ("AMDA") and Trustees of

The American Musical and Dramatic Academy ("Defendants"), by and through their attorneys,

KAUFMAN BORGEEST & RYAN LLP, as and for their Answer to the Plaintiff's Complaint,

state and allege as follows:

## NATURE OF THIS ACTION

      1.     Defendants deny information and/or knowledge sufficient to form a belief as to

the truth of Plaintiff's allegations in Paragraph 1.

      2.     Defendants deny information and/or knowledge sufficient to form a belief as to

the truth of Plaintiff's allegations in Paragraph 2.

## THE PARTIES

      3.     Defendants deny information and/or knowledge sufficient to form a belief as to

the truth of Plaintiff's allegations in Paragraph 3.

      4.     Defendants admit the allegations in Paragraph 4 that "Defendant AMDA is a non-

profit institution incorporated by the State of New York" and "AMDA is also an accredited

institution of the National Association of Schools of Theater ("NASI")". Defendants deny the remaining allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.      Paragraph 5 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 5 asserts issues of fact, Defendants deny the allegations in paragraph 5.

6.      Paragraph 6 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 6 asserts issues of fact, Defendants deny the allegations in paragraph 6.

7.      Paragraph 7 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 7 asserts issues of fact, Defendants deny the allegations in paragraph 7.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8.      Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 8.

9.      Defendants admit the allegation in Paragraph 9 that Plaintiff was accepted to AMDA.  Defendants deny the remaining allegations in Paragraph 9.

10.     Plaintiff admits the allegations in Paragraph 10.

11.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 11.

12.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 12.

3363281

13.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 13.

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 15.

16.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 16.

17.      Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 17.

18.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 18.

19.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 19.

20.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 20.

21.     Defendants admit the allegation in Paragraph 21 that "Defendants issued a letter ("Decision") concluding that Plaintiff violated school policy of Sexual Misconduct and Assault and Basic Rules of Conduct." Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants admit the allegations in Paragraph 22.

23.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 23.

24.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 24.

3363281

25.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 25.

26.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 26.

27.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 27.

28.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 28.

29.     Defendants admit the allegation in Paragraph 29 that "Plaintiff immediately appealed Defendants' Decision."  Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 30.

31.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 35.

36.     Defendants admit the allegations in Paragraph 36.

37.     Defendants admit the allegations in Paragraph 37.

38.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 38.

3363281

39.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 43.

44.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 44.

45.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 45.

46.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 46.

47.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 47.

48.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 48.

49.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 49.

50.     Paragraph 50 alleges a characterization of redress which Plaintiff is seeking to which no response is required.  Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 50 asserts issues of fact, Defendants deny the allegations in paragraph

3363281

50.

## AS AND FOR THE FIRST CAUSE OF ACTION
### Violation of Title IX of the Education Amendments of 1972

51.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 50, as if more fully set forth at length herein.

52.     Paragraph 52 alleges a characterization of Title IX of the Education Amendments of 1972 to which no response is required.  Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 52 asserts issues of fact, Defendants deny the allegations in paragraph 52.

53.     Paragraph 53 alleges a characterization of Title IX of the Education Amendments of 1972 to which no response is required.  Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 53 asserts issues of fact, Defendants deny the allegations in paragraph 53.

54.     Defendants admit the allegations in Paragraph 54.

55.     Paragraph 55 alleges a characterization of Title IX of the Education Amendments of 1972 to which no response is required.  Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 55 asserts issues of fact, Defendants deny the allegations in paragraph 55.

56.     Paragraph 56 alleges a characterization of Title IX of the Education Amendments of 1972 to which no response is required.  Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 56 asserts issues of fact, Defendants deny the allegations in paragraph 56.

57.     Paragraph 57 alleges a characterization of Title IX of the Education Amendments of 1972 to which no response is required.  Defendants respectfully refer all matters of law to the

3363281

Court.  To the extent that Paragraph 57 asserts issues of fact, Defendants deny the allegations in paragraph 57.

58.    Paragraph 58 alleges a characterization of Title IX of the Education Amendments of 1972 to which no response is required.  Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 58 asserts issues of fact, Defendants deny the allegations in paragraph 58.

59.    Defendants deny the allegations in Paragraph 59.

60.    Defendants deny the allegations in Paragraph 60.

61.    Defendants deny the allegations in Paragraph 61.

62.    Defendants deny the allegations in Paragraph 62.

63.    Defendants deny the allegations in Paragraph 63.

64.    Defendants deny the allegations in Paragraph 64.

65.    Defendants deny the allegations in Paragraph 65.

66.    Defendants deny the allegations in Paragraph 66.

67.    Defendants deny the allegations in Paragraph 67.

## AS AND FOR THE SECOND CAUSE OF ACTION
### Breach of Contract

68.    Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 67, as if more fully set forth at length herein.

69.    Defendants deny the allegations in Paragraph 69.

70.    Defendants deny the allegations in Paragraph 70.

71.    Defendants deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72.

73.    Defendants deny the allegations in Paragraph 73.

3363281

## AS AND FOR THE THIRD CAUSE OF ACTION
### Covenant of Good Faith and Fair Dealing

74.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 73, as if more fully set forth at length herein.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

## AS AND FOR THE FOURTH CAUSE OF ACTION
### Unfair or Deceptive Trade Practices

79.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 78, as if more fully set forth at length herein.

80.     Paragraph 80 alleges a characterization of Section 349(a) of the General Business Law to which no response is required.  Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 80 asserts issues of fact, Defendants deny the allegations in paragraph 80.

81.     Defendants admit the allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### Estoppel and Reliance

86.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 85, as if more fully set forth at length herein.

8

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

## AS AND FOR THE SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

93.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 92, as if more fully set forth at length herein.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
### Negligence

98.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 97, as if more fully set forth at length herein.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
### Declaratory Judgment

103.    Defendants repeat and reallege the responses to each of the allegations mentioned

3363281

in Paragraphs 1 through 102, as if more fully set forth at length herein.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

107.    Paragraph 107 does not contain allegations of fact but rather legal conclusions and

Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 107

asserts issues of fact, Defendants deny the allegations in paragraph 107.

### PRAYER FOR RELIEF

Defendants are not required to respond to the Complaint's Wherefore Paragraphs as those

paragraphs are merely a characterization of the relief Plaintiff seeks.  To the extent that the

prayer for relief is deemed to contain allegations, Defendants deny each and every allegation and

specifically denies that Plaintiff is entitled to damages, costs, disbursements, attorneys' fees,

interest, injunctive relief and any other form of relief.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state any claim, in whole or in part, upon which relief can be

granted under Title IX of the Education Amendment of 1972 or New York State or City Laws.

Defendants have fully complied and continue to comply with all applicable Federal and State

laws against discrimination.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to establish a prima facie case of discrimination under Title IX of the

Education Amendment of 1972.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to this action Defendants acted lawfully and in good faith without

3363281

intent to deny Plaintiff any rights whatsoever and without intent to discriminate against Plaintiff on the basis of gender or any other unlawful reason.

### FOURTH AFFIRMATIVE DEFENSE

Defendants have at all times complied with Title IX of the Education Amendment of 1972.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, doctrines of waiver, estoppel, unclean hands, and/or laches. To the extent Plaintiff's Complaint seeks a declaratory judgment, Plaintiff fails to show a justiciable controversy.

### SIXTH AFFIRMATIVE DEFENSE

Any alleged damages suffered by Plaintiff were caused solely by his own negligence and/or intentional conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any legally cognizable damages.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is entitled to any damages, such damages are limited by statute.

### NINTH AFFIRMATIVE DEFENSE

Defendants did not breach any contract with Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants followed their Sexual Misconduct and Rules of Conduct policies and procedures.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants did not engage in deceptive practices or make any misrepresentations to

3363281

Plaintiff.

### TWELVTH AFFIRMATIVE DEFENSE

Equity and good conscience do not require Defendants to make restitution to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants reserve all rights to assert additional defenses, whether affirmative or otherwise, which may become available during the course of this litigation through discovery or any other means.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief sought in the Complaint, including but not limited to the relief sought in the "Wherefore" clauses of the Complaint.

WHEREFORE, Defendants requests that Plaintiff's Complaint be dismissed with prejudice and that the Court award Defendants attorneys' fees and costs, together with such other and further relief as this Court shall deem just and reasonable.

Dated: New York, New York
      February 3, 2016

                                  Respectfully submitted,

                                  KAUFMAN BORGEEST & RYAN LLP

                                  By: _____
                                     Joan M. Gilbride
                                     120 Broadway, 14th Floor
                                     New York, New York 10271
                                     Telephone: (212) 980-9600
                                     Fax: (212) 980-9291
                                     Email: jgilbride@kbrlaw.com
                                     *Attorneys for Defendants*

3363281

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer and Affirmative Defenses

was furnished to the following on this 3rd day of February, 2016:

Tahanie A. Aboushi
The Aboushi Law Firm, PLLC
1441 Broadway, Suite 5036
New York, New York 10018
Telephone: 212-391-8500
Facsimile: 212-391-8508
*Attorneys for Plaintiff*

*/s/ Joan M. Gilbride*
Joan M. Gilbride

3363281