UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

                 Plaintiff,

-v-

THE AMERICAN MUSICAL AND
DRAMATIC ACADEMY, TRUSTEES OF
THE AMERICAN MUSICAL AND
DRAMATIC ACADEMY and JANE DOE,

                 Defendants.

15-CV-8993 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

This is a defamation suit arising from an alleged sexual assault on a college campus. Plaintiff, named here as John Doe, is the accused; Defendant, named here as Jane Doe, is the accuser. Jane Doe moves to dismiss. For the reasons that follow, the motion is granted.

**I.      Background**

This case arises from a sexual encounter between John Doe and Jane Doe on the night of March 19, 2015. (Compl. ¶ 15.) At the time, both were students at the American Musical and Dramatic Academy ("AMDA"). John Doe claims the sex was consensual; Jane Doe claims it was not.

Four days after the encounter, Jane Doe filed a grievance with the school, which conducted an investigation. (Compl. ¶ 16.) John Doe was expelled for a year, though the punishment was lessened on administrative appeal. (Compl. ¶¶ 39–41.) John Doe has not returned to AMDA since. (Compl. ¶¶ 57–58.)

John Doe filed this suit on November 16, 2015, naming only AMDA as a defendant and asserting claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–88, and state law. (Dkt. No. 1.) On November 4, 2016, nearly a year after this suit was filed—and

1

twenty months after the underlying incident—John Doe amended his complaint to add Jane Doe as a defendant.  (Dkt. No. 49.)  The Amended Complaint asserts three claims against Jane Doe: defamation, negligence, and intentional infliction of emotional distress.  Each of those claims is premised on the allegation that Jane Doe falsely accused John Doe in connection with the March 2015 incident.

John Doe and AMDA ultimately settled, leaving Jane Doe as the lone defendant.  Jane Doe now moves to dismiss, arguing (1) that John Doe's claims against her are time-barred and (2) that the Complaint fails to state a claim.

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when plaintiffs plead facts that would allow "the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The Court must accept as true all well-pleaded factual allegations in the complaint, and 'draw [ ] all inferences in the plaintiff's favor.'"  *Goonan v. Fed. Reserve Bank of New York*, 916 F. Supp. 2d 470, 478 (S.D.N.Y. 2013) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

## III.    Discussion

John Doe does not dispute that New York's one-year statute of limitations for defamation and intentional torts applies to his claims.  *See* N.Y. C.P.L.R. § 215(3).  Nor does he dispute that Jane Doe was added as a defendant more than a year after she reported the alleged sexual assault

to campus authorities. John Doe's sole argument as to the statute of limitations is that his claims should relate back to the filing of the original complaint.

It is the plaintiff's burden to establish that an amended claim relates back to the date of the original complaint. *See S.A.R.L. Galerie Enrico Navarra v. Marlborough Gallery, Inc.*, No. 10 Civ. 7547, 2013 WL 1234937, at *3 (S.D.N.Y. Mar. 26, 2013). "[I]f the applicable statute of limitations is determined by state law—as is the case here—courts should assess both the state and federal relation back doctrines and apply whichever law is more generous." *Anderson v. City of Mount Vernon*, No. 09 Civ. 7082, 2014 WL 1877092, at *2 (S.D.N.Y. Mar. 28, 2014). Accordingly, the Court assesses both federal and New York law to determine whether either allows relation back.

### A.   Relation Back Under Federal Law

At issue is Federal Rule of Civil Procedure 15(c)(1), which allows relation back if (1) "the amendment changes the party or the naming of the party against whom a claim is asserted"; (2) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (3) the new party "received such notice of the action that it will not be prejudiced in defending on the merits" within the period provided by Rule 4(m); and (4) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" within the period provided by Rule 4(m). Fed. R. Civ. P. 15(c)(1)(B)–(C).

John Doe's stumbling block is the fourth factor. The Supreme Court has held that "[t]he question under [the fourth factor] is not whether [plaintiff] knew or should have known the identity of [the proper defendant] as the proper defendant, but whether [the proper defendant] knew or should have known that it would have been named as a defendant but for an error."

3

*Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010).  However, John Doe has not shown that Jane Doe should have known that, if not for John Doe's mistake as to the identity of the proper party, he would have sued her.  Indeed, John Doe has not even identified a specific mistake that led him to omit Jane Doe from the original complaint.  The identities of the parties, and their roles in the case, were clear from the beginning: Jane Doe accused John Doe, and AMDA commenced disciplinary procedures.  When John Doe chose to sue AMDA but not Jane Doe, there was no reason for Jane Doe to think that "the action would have been brought against [her], but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C); *see also In re Vitamin C Antitrust Litig.*, 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014) (holding that there was no mistake concerning the proper party's identity because "[t]he plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable").  This is especially so given that the key claim against Jane Doe—defamation—was not even levied against AMDA, the original defendant, which undermines any contention that the mistake was one of identity.

The Supreme Court's opinion in *Krupski* lends further support to this conclusion.  The *Krupski* Court distinguished between a scenario where the plaintiff "[made] a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties" and a scenario where "a plaintiff [knew] that the prospective defendant exists but nonetheless harbor[ed] a misunderstanding about his status or role in the events giving rise to the claim at issue, and . . . mistakenly cho[s]e to sue a different defendant based on that misimpression."  560 U.S. at 549.  It is clear from the allegations that this case falls within the former category, which the Court noted "is the antithesis of making a mistake concerning the proper party's identity."  *Id.*; *see also Neal v. Wilson*, 239 F. Supp. 3d 755, 760 (S.D.N.Y. 2017);

4

*Vasconcellos v. City of New York*, No. 12 Civ. 8445, 2014 WL 4961441, at *7 (S.D.N.Y. Oct. 2, 2014).

Accordingly, John Doe's claims fail to relate back under federal law.

### B.   Relation Back Under New York Law

The New York relation back rule is "patterned largely after the Federal relation back rule." *Buran v. Coupal*, 87 N.Y.2d 173, 179 (1995); *see also Abdell v. City of New York*, No. 05 Civ. 8453, 2006 WL 2620927, at *2 (S.D.N.Y. Sept. 12, 2006) ("The New York relation-back doctrine tracks the federal rule."). As the New York Court of Appeals has explained, three conditions must be satisfied in order for claims against one defendant to relate back to claims asserted against another:

> (1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.

*Buran*, 87 N.Y.2d at 178 (quoting *Brock v. Bua*, 83 A.D.2d 61, 69 (N.Y. App. Div. 1981)).

John Doe's attempt to invoke the relation-back principle under state law fails for the same reason it failed under federal law. As discussed above, John Doe has not shown that Jane Doe should have known that the only reason she was not sued was "an excusable mistake by [John Doe] *as to the identity of the proper parties*." *Id.* at 178 (emphasis added). John Doe may have made a tactical mistake in not suing Jane Doe, but that mistake had nothing to do with the identities of the parties or their roles in the underlying fact pattern. *See also Neal*, 239 F. Supp. 3d at 761; *Vasconcellos*, 2014 WL 4961441, at *8. As the New York Court of Appeals noted, "[w]hen a plaintiff intentionally decides not to assert a claim against a party known to be

5

potentially liable, there has been no mistake and the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired." *Buran*, 87 N.Y.2d at 181.

Accordingly, John Doe's claims fail to relate back under New York law.  Since Jane Doe has met her burden to show that the statute of limitations has expired, and since John Doe has not met his burden to show that his claims relate back to the filing of the original complaint, the claims against Jane Doe are time-barred.

**IV.   Conclusion**

For the foregoing reasons, Jane Doe's motion to dismiss is GRANTED.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: November 17, 2017
       New York, New York

_____
               J. PAUL OETKEN
          United States District Judge